UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:24-cv-00816-SK                                             Date: September 25, 2025
Title           Shamika T. v. Frank Bisignano


Present: The Honorable: Steve Kim, United States Magistrate Judge

|   Connie Chung   |   n/a   |
|---|---|
|   Deputy Clerk   |   Court Reporter / Recorder   |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
None present                                          None present

**Proceedings:**      (IN CHAMBERS) **ORDER AFFIRMING DECISION OF THE ADMINISTRATIVE LAW JUDGE**[1]

     Plaintiff Shamika T. challenges Defendant Commissioner's decision denying her application for supplemental security income. She contends that the ALJ erred by failing to include any mental limitations in the residual functional capacity (RFC) assessment, despite finding mild limitations in the four broad functional areas at step two of the sequential disability analysis. (Pl. Brief 1-8). The ALJ's decision is affirmed.

     An ALJ must consider all impairments, whether severe or non-severe, when assessing a claimant's RFC. *See* 20 C.F.R. § 416.945(a)(2). But while non-severe impairments must be considered, mild limitations from such impairments need not always be included in the RFC, especially when (as here) the record does not support the inclusion of those limitations. *See Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) *see also Medlock v. Colvin*, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("*Consideration* of 'the limiting effects of all impairments' does not necessarily require the *inclusion* of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work.") (emphasis in original).

     Here, the ALJ found that Plaintiff's depressive disorder qualified as a medically determinable impairment, but that it was non-severe. (AR 20). And although the ALJ assessed mild limitations in the four broad areas of mental functioning, she reasonably

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025. He is therefore substituted for Martin O'Malley for the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:24-cv-00816-SK | Date: September 25, 2025 |
| Title   Shamika T. v. Frank Bisignano | |

determined that no corresponding mental restrictions were warranted in the RFC.  (AR 20-21).  Mild mental impairments "by definition do not have more than a minimal limitation on Plaintiff's ability to do basic work activities ... which translates in most cases into no functional limitations."  *Ball v. Colvin*, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015).  Substantial evidence supports that conclusion here.

Consider the medical evidence.  The record contains no mental health treatment history aside from a prescription for 40 mg of Zoloft.  (AR 589).  In May 2022, the consultative psychological examiner Sandra Cortez, Psy.D., evaluated Plaintiff and opined that she had only mild limitations in mental functioning.  (AR 592).  The State Agency psychological consultants then reviewed the entire record, accepted Dr. Cortez's opinion, and concluded that no mental restrictions were necessary in the RFC.  (AR 67-68, 87-88).  Plaintiff points to no contrary medical opinions or treatment records indicating otherwise and identifies no evidence that the ALJ failed to consider.

Besides, while Plaintiff now argues that her mental limitations prevented her from working, she claimed no disabling mental health symptoms during the administrative proceedings.  At the July 2023 administrative hearing, when asked why she was unable to work, Plaintiff described only physical complaints such as fatigue, shortness of breath, edema, and symptoms related to congestive heart failure.  (AR 38-51).  She never mentioned depression or any psychological symptoms interfering with her ability to work.  (*See id.*).  Likewise, in her function report, Plaintiff denied experiencing difficulties with memory, concentration, understanding, or interacting with others, and stated that she follows written instructions well and spoken instructions "okay."  (AR 250).

For these reasons, the ALJ reasonably determined that Plaintiff's mild mental limitations caused no functional limitations that needed to be included in her RFC.  The final decision of the Commissioner is thus AFFIRMED.  Judgment will be entered accordingly.